OPINION
The Defendant-Appellant, Harold M. Lewis, ("appellant"), appeals the decision of the Allen County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts of the case are as follows. In 1983, the appellant was charged with five counts of rape. The victims of the rapes were the appellant's two nieces who were twelve and fourteen years old at the time of the attacks. A jury trial was held in this matter and on March 8, 1984, the appellant was found guilty of all five counts of rape. The appellant was sentenced to life in prison on the first two counts, and five to twenty-five years in prison on the remaining three counts.
While serving his term in prison, the Ohio Department of Rehabilitation recommended that the appellant be classified as a sexual predator. A hearing was held on March 26, 1999, in the Allen County Court of Common Pleas. At the conclusion of the hearing, the trial court found that the appellant was a sexual predator pursuant to R.C. 2950.09.
The Appellant now asserts two assignments of error.
ASSIGNMENT OF ERROR NO. 1
 Ohio Revised Code Chapter 2950 et. seq., as applied to appellate [sic], is unconstitutional in that it violates defendant's protections of Section 1, Article 1 and Section 16, Article 1 of the Ohio Constitution as described in State v. Williams, Lake Appellate No. 97-L-191, Court of Appeals, 11th District, unreported.
In his first assignment of error, the appellant contends that R.C. 2950 violates Article I, Sections 1 and 16 of the Ohio Constitution. Specifically, the appellant contends that the statute is an invalid use of the state's police power in that it is an unreasonable and arbitrary infringement upon an individual's privacy rights.
In the case before us, the appellant relies upon the decision of the Eleventh District Court of Appeals in State v. Williams
(Feb. 2, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In Williams, the court found R.C. 2950 unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution. This Court recently addressed the same issue in State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported. In Marker, we upheld the constitutionality of R.C. 2950 by finding that it constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon an individual's privacy rights.
We have not changed our position on this issue and follow our decision in Marker. Accordingly, the appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 2
 The trial court's determination that defendant was a sexual predator, as defined in O.R.C. § 2950.01(E), is contrary to the manifest weight of the evidence.
The Appellant asserts in his second assignment of error that the trial court erred in finding that he is a sexual predator. Specifically, the appellant maintains that the trial court's decision is not supported by the manifest weight of the evidence. For the following reasons, we do not agree.
We first note that R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B) (2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:
In making a determination * * * as to whether an offender is asexual predator, the judge shall consider all relevantfactors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(C) (2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B) (2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." The Supreme Court of Ohio in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, stated the following with respect to the term "clear and convincing evidence:"
 [It] is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
See, also, State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
The standard for reversal for manifest weight of evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175.
 In the case before us, the evidence shows that for over a two-year period, the appellant sexually molested his niece. The victim was twelve years old when the abuse began and continued until she was fourteen years old. These attacks would occur either in the appellant's home or in his car. The appellant would pick the victim up and throw her down, restrain her and force her to have sexual intercourse with him. The victim attempted to resist by hitting and biting the appellant, but her resistance was to no avail. The appellant made it clear to the victim, through words and facial expressions, that she better not tell anyone of these instances.
The evidence also shows that the appellant raped another niece on one occasion in 1983. The second victim was fourteen years old at the time. Similar to the other attacks, the appellant picked up the victim, carried her to the bedroom, threw her down and forced himself on her. When the victim tried to escape, she was struck in the face and the appellant put his hand over her mouth.
In the appellant's favor, evidence was presented to show that he had no prior juvenile record and a very limited adult record for criminal offenses, none of which were sexually oriented offenses. The appellant had no history of mental disease and there was no indication that drugs or alcohol had been used to impair the victims. The appellant provided the trial court with a letter from his case manager at the North Central Correction Institution stating that he had completed programs in stress management, interpersonal thinking, and an interpersonal counseling sex offenders group. However, the case manager also indicated that the appellant had failed to complete, participate in, or even be placed on a waiting list for any sex offender treatment program.
The trial court carefully weighed all the relevant factors set forth in R.C. 2950.09(B) (2). The court specifically based its determination on the fact that there were two victims who were both between the ages of twelve and fourteen, the attacks occurred for over two-years, the appellant used physical force and threats to keep the victims from telling anyone, and the fact that the appellant has not sought treatment. Thus, the court had sufficient evidence before it from which to determine by clear and convincing evidence that the defendant is likely to commit sexually oriented offenses in the future. Consequently, we cannot find that the trial court's determination that the appellant was a sexual predator is against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.